# UNITED STATES DISTRICT COURT
## THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ALI JAWWAD

    Plaintiff,

v.                                                  Case No.:

BK STAR, INC. d/b/a KING MEAT MART; FIRST
ARLINGTON GROUP, INC. d/b/a MOORE'S GROCERY;
and BASHAR ITRAISH, in his official capacity as owner and
manager of BK Star, Inc. and First Arlington Group, Inc.,

    Defendants.

_____/

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Plaintiff, ALI JAWWAD, by and through undersigned counsel, and hereby sues Defendants, BK STAR, INC. d/b/a KING MEAT MART (hereafter referred to as "King Meat Mart"; FIRST ARLINGTON GROUP, INC. d/b/a MOORE'S GROCERY (hereafter referred to as "Moore's"), and BASHAR ITRAISH (hereafter referred to as "Defendant") in his official capacity as owner and manager of BK Star, Inc. and First Arlington Group, Inc., and alleges the following:

## JURISDICTION AND VENUE

1. Plaintiff resides at 8221 60th Street Circle East, #302 Sarasota, Florida 34243 in Sarasota County.

2. King Meat Mart is a grocery store located at 1810 Dr. Martin Luther King Way Sarasota, Florida 34234 in Sarasota County.

3. King Meat Mart is owned and operated by Defendant, Basher Itraish.

4. Moore's is a grocery and convenience store located at 1993 Dr. Martin Luther King Way Sarasota, Florida 34234 in Sarasota County.

5. Moore's is owned and operated by Defendant, Basher Itraish.

6. This is an action being brought under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

7. This Court has original jurisdiction to hear this complaint and to adjudicate claims stated herein under 28 U.S.C. § 1331.

8. Venue is proper because a substantial part of the events or omissions giving rise to the claim occurred in this District, and Defendants are subject to personal jurisdiction in Florida.

9. All conditions precedent have occurred or been performed.

## FACTUAL ALLEGATIONS

10. Plaintiff incorporates the allegations in averments 1-9 herein by reference.

11. Defendant, Bashar Itraish is an employer within the meaning of FLSA, 29 USC § 203(d). Defendant exercised ownership and operational control over Plaintiff concerning his employment.

12. King Meat Mart is a Florida Profit Corporation and employer within the meaning of FLSA, 29 USC § 203(d).

13. Moore's is a Florida Profit Corporation and employer within the meaning of FLSA, 29 USC §203(d).

14. At all times material hereto, Plaintiff Ali Jawwad was a store clerk, employed by both King Meat Mart and Moore's.

15. Plaintiff worked for Defendant at both Moore's and King Meat Mart for the months of June and July 2018. During that time, Plaintiff worked 78 hours per week, collectively at both locations.

16. As compensation for his employment, Plaintiff was paid "under the table," in cash, at rate of $11.00 per hour. Taxes were not withheld from these payments and Plaintiff was never provided with a form W-9 to complete.

17. Plaintiff is not exempt from FLSA because he was paid on an hourly basis and should be compensated for appropriate overtime under 29 USC § 207(a).

18. Plaintiff was not paid on a salary basis because he was paid an hourly rate for the exact number of hours he worked.

19. Defendants failed to pay Plaintiff one and one-half times his regular rate of pay for each hour over forty in a workweek.

20. Specifically, Defendants paid Plaintiff his regular rate for each hour worked over forty in a workweek instead of one and one-half times his regular rate.

21. These practices violated the provisions of the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. As a result of these unlawful practices, Plaintiff suffered a loss of wages.

22. Plaintiff now suffers the inconvenience and mental anguish associated with prosecuting this claim.

23. Defendants showed reckless disregard for the fact that their failure to pay Plaintiff appropriate overtime compensation and to withhold and submit federal taxes was in violation of the law.


24. Plaintiff now suffers the inconvenience and mental anguish associated with reporting this matter to the Internal Revenue Service, sorting out taxation matters with the agency, and prosecuting this claim.

## DEMAND FOR JURY TRIAL

25. Plaintiff exercises the right to a jury trial.

WHEREFORE, Plaintiff, ALI JAWWAD, respectfully demands judgment against Defendants BK STAR, INC. d/b/a KING MEAT MART; FIRST ARLINGTON GROUP, INC. d/b/a MOORE'S GROCERY; and BASHAR ITRAISH, in his official capacity as owner and manager of BK Star, Inc. and First Arlington Group, Inc., for the following:

a. An amount equal to Plaintiff's unpaid back wages at the applicable overtime rate for each hour worked over forty;

b. A declaratory judgment against Defendants that their violations of the FLSA were willful;

c. An equal amount to the wage damages as liquidated damages;

d. To the extent that liquidated damages are not awarded, an award of prejudgment interest;

e. All costs incurred and reasonable attorney's fees for prosecuting these claims;

f. Leave to amend to add claims under applicable state laws; and

g. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

/s/ Gregory A. Zitani
Gregory A. Zitani, Esq.
Fla. Bar No.: 0188956
Law Offices of Gregory A. Zitani, PLLC
4046 Sawyer Road, Suite D
Sarasota, Florida 34233
Tel: (941) 552-0373

Fax: (941) 388-3776
zitanilawpleadings@comcast.net
Attorney for Plaintiff